NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
CORDELL HARPER,                     :
                                    :   Civil Action No. 14-5800 (RMB)
         Petitioner,                :
                                    :
    v.                              :           **OPINION**
                                    :
STEPHEN D'LLIO, et al.,             :
                                    :
         Respondents.               :
_____ :

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's filing of a § 2254 petition ("Petition") and his application to proceed in this matter in forma pauperis. See Docket Entries Nos. 1 and 1-2. In light of Petitioner's in forma pauperis application, the Court will grant him in forma pauperis status. In light of the information provided in the Petition, the Court will dismiss it as untimely and will decline to issue a certificate of appealability.

    The Petition states the following time-line of events:

    On June 20, 2003, Petitioner was convicted and sentenced to a fifty-year term under the No Early Release Act, N.J. Stat. Ann. 2C:43-7.2.[1] See Docket Entry No. 1, at 2. Petitioner appealed,

---

[1] "On February 28, 2002, [Petitioner] was indicted on counts of murder [and weapon offenses] arising from the December 31, 2001, killing of Helen Croudy." State v. Harper, 2013 WL 4746490, at *1 (N.J. Super. Ct. App. Div. Sep. 5, 2013).

and his direct appellate challenges were dismissed by the Appellate Division on January 8, 2004. See id. at 3. It appears that he did not seek certification from the Supreme Court of New Jersey. See id. However, years later, i.e., on May 21, 2010, he filed an application for post-conviction relief ("PCR"), which was dismissed by the Law Division as untimely under the state law. See id.; see also Harper, 2013 WL 4746490, at *1. The Appellate Division affirmed that findings, see Docket Entry No. 1, at 3, see also Harper, 2013 WL 4746490, at *1-2, stating:

> Under Rule 3:22-12(a)(1), a first petition for PCR must be filed no more than five years after entry of the judgment of conviction "unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." As the Supreme Court has explained:
>
>> There are good reasons for such a Rule. As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation.
>
> State v. Mitchell, 126 N.J. 565, 575-76 (1992).
>
> [Here, Petitioner] filed his [PCR application] out of time, nearly seven years after entry of [his] June 20,

> 2003 judgment of conviction, and he has shown no excusable neglect or exceptional circumstances warranting relaxation of the time bar. [Petitioner] claims excusable neglect because he was unaware of the time-frame for filing.  However, "ignorance of the law and rules of court does not qualify as excusable neglect."  State v. Merola, 365 N.J. Super. 203, 218 ([N.J. Super. Ct.] Law Div. 2002), aff'd, 365 N.J. Super. 82 ([N.J. Super. Ct.] App. Div.2003), certif. denied, 179 N.J. 312 (2004).  See also State v. Dillard, 208 N.J. Super. 722, 728 ([N.J. Super. Ct.] App. Div.) ("it is likely that if we ruled that unfamiliarity with the five-year rule could be considered excusable neglect under R. 3:22–12 defendants would not be diffident about asserting their ignorance of the rule"), certif. denied, 105 N.J. 527 (1986).

Harper, 2013 WL 4746490, at *2 (original brackets and ellipsis omitted).

The Appellate Division's decision was entered on September 5, 2013, see id., and the Supreme Court of New Jersey denied certification on May 24, 2014.  See Docket Entry No. 1, at 11.  On September 9, 2010, that is, three and a half months later, Petitioner executed the Petition at bar.  See id. at 12.  Addressing the issue of timeliness, he stated:

> On May 21, 2010, [P]etitioner filed a state petition for post-conviction relief. . . .  A petition for certification affirming the denial of post-conviction relief was denied on May 24, 2014.  The federal 1-year time limit was thus tolled from May 2[1], 2010, until May 24, 2014.  The present federal petition being filed on September 9, 2014, is therefore timely.

Docket Entry No. 1, at 11.

Petitioner errs.  His federal Petition has been untimely for *more than nine and a half years*.

3

On April 24, 1996, Congress enacted Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period starts to run from "the date on which the judgment became final." 28 U.S.C. § 2244(d)(1). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Under the state law, a petition for certification must be filed with the Supreme Court of New Jersey within twenty days from the date of the Appellate Division's adverse ruling. See N.J. Ct. R. 2:12-3.

Correspondingly, Petitioner's one-year AEDPA period began to run twenty days from the date when the Appellate Division dismissed his direct appeal, i.e., twenty days from January 8, 2004, and expired one year later, i.e., on January 28, 2005. Hence, for the purposes of this Court's statutory-timeliness analysis, Petitioner's PCR application filed on May 21, 2010 (i.e., more than half a decade after his AEDPA period expired on January 28, 2005), is of no relevance. See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (petitioner's filing of his state

4

post-conviction review application has no tolling effect if the federal limitations period had already run when that application was filed); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004) (same).² However, the state courts' findings as to the untimeliness of Petitioner's PCR application are indeed relevant to this Court's equitable-tolling analysis.

---

² Moreover, while Petitioner maintains that his AEDPA period had to be statutorily tolled while his PCR application was pending before the Law Division, Appellate Division and the New Jersey Supreme Court, Petitioner's position is incorrect. Section 2244(d)(2) allows statutory tolling only for "[t]he time during which a *properly* filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2) (emphasis supplied).

> An application is "[merely] filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  [In contrast,] an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. . . . [T]he question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.

Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (citations omitted).

A PCR application dismissed by the state courts as untimely is *not* "properly filed" and, thus, cannot be "pending" during the period when the state courts address and dismiss it.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005) (state PCR petition rejected by the state courts as untimely under state statute of limitations is not "properly filed" for purposes of § 2244 (d)(2)).  Hence, *no* statutory tolling applied during the time when Petitioner was litigating his PCR claims before the Law Division, Appellate Division and the New Jersey Supreme Court since all levels of the state court affirmed the Law Division's finding of untimeliness.

The AEDPA statute of limitations is amenable to equitable tolling.  See Holland v. Florida, 560 U.S. 631 (2010); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998).  "A litigant seeking equitable tolling bears the burden of establishing two elements: (a) that he has been pursuing his rights diligently, and (b) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418; see also Holland, 560 U.S. 631.  Correspondingly, under the federal regime – unlike under the state law – a litigant's excusable neglect *cannot* trigger equitable tolling.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).  Rather, equitable tolling is applicable only in extraordinary circumstances, i.e., when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005); see also Holland, 560 U.S. at 649 (relying on Pace, 544 U.S. at 418).  Moreover, even where extraordinary circumstances do exist, "if [a petitioner] has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is

broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, Petitioner asserted his ignorance of the law as his justification for filing his PCR application in the state courts with a seven-year delay. The state courts declined to qualify that ignorance as excusable neglect. Since, under the federal regime: (a) there is no equitable tolling for excusable neglect; and (b) Petitioner was unable to meet even that insufficient-for-the-purposes-of-the-federal-regime standard, it appears that Petitioner has no viable bases for equitable tolling under the AEDPA. That conclusion is buttressed by the facts that: (a) Petitioner was expressly put on notice as to untimeliness of his PCR when the Law Division entered its decision on May 6, 2011, see Docket Entry No. 1, at 4, i.e., three and a half years ago, but he did not even attempt to file his federal Petition at that time; and (b) he waited *more than three months* after the Supreme Court of New Jersey denied him certification as to his PCR before he filed the Petition at bar. Because Petitioner: (a) was actively litigating in the state fora since, at the very least, May 21, 2010, that is, for four and a half years; (b) did not assert extraordinary circumstances in the state fora, and (c) has been sitting on his rights for almost a decade, this Court has no

basis to conclude that Petitioner was exposed to extraordinary circumstances that prevented his filing of a timely § 2254 petition. Therefore, this Court is constrained to dismiss the Petition as untimely.

Upon so finding, the Court is obligated to determine whether a certificate of appealability ("COA") shall issue. A COA shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that this Court was correct in its finding that the Petition is untimely.

Accordingly, no COA will issue.

However, out of an abundance of caution, this Court will retain temporary jurisdiction over this matter so to allow Petitioner an opportunity to file a written statement detailing his extraordinary circumstances, if any, that were *continuously present since February 22, 2005, until September 9, 2014*, and

were of such magnitude of hardship that they could qualify as a viable basis for equitable tolling *under the federal regime*. See United States v. Bendolph, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (the court should allow petitioner an opportunity to state his grounds for equitable tolling, if any, prior to final dismissal).

An appropriate Order accompanies this Opinion.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

Dated: October 10, 2014