NOT FOR PUBLICATION

```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
                     CAMDEN VICINAGE
_____
                                    :
CORDELL HARPER,                     :
                                    :  Civil Action No. 14-5800 (RMB)
               Petitioner,          :
                                    :
          v.                        :           OPINION
                                    :
STEPHEN D'LLIO, et al.,             :
                                    :
               Respondents.         :
_____:
```

**BUMB**, District Judge:

    This matter comes before the Court upon Petitioner's filing of a written statement, see Docket Entry No. 4, asserting that his Petition, Docket Entry No. 1, should qualify for equitable tolling because Petitioner felt depressed after his conviction and until the date when he elected to execute his Petition.  In light of the legal deficiency of Petitioner's position, this Court will again dismiss his Petition as untimely and decline to issue a certificate of appealability.

    This Court's prior opinion extensively detailed the facts at bar, see Docket Entry No. 2.  Briefly, on June 20, 2003, Petitioner was sentenced to a fifty-year term after being convicted of murder and weapon offenses.  He appealed, and his appeal was dismissed on January 8, 2004.  Although he did not seek direct appellate certification from the Supreme Court of New Jersey, years later, i.e., on May 21, 2010, he filed an

application for post-conviction relief ("PCR"), which was dismissed as untimely under the state law.  Petitioner appealed that dismissal, asserting excusable neglect.  The dismissal was affirmed with: (a) an express finding that he had no basis to assert excusable neglect; and with (b) an observation that he had experienced no exceptional circumstances.  The Supreme Court of New Jersey denied Petitioner certification as to the PCR affirmance on May 24, 2014.  On September 9, 2010, i.e., three and a half months later, Petitioner executed the within Petition maintaining that it had to be timely because he filed it within one year from the denial of certification as to his untimely PCR.  See Docket Entry No. 1, at 11.

 This Court examined the facts of Petitioner's state proceedings and determined that, for the purposes of statutory calculation, the Petition had been untimely for *more than nine and a half years*.  See Docket Entry No. 2, at 4-6 (carefully detailing the governing legal regime and explaining to Petitioner that his untimely PCR could not have triggered statutory tolling and, in addition, his time to file a § 2254 petition expired even before he filed his untimely PCR).  Then, turning to Petitioner's equitable tolling position raised during his PCR (i.e., to his claim that he was ignorant of the temporal requirements of law), this Court explained that such ignorance was not cognizable for the purposes of a federal equitable tolling analysis.  See id. at

2

7-8 (detailing the circumstances that could qualify as viable bases for equitable tolling in a § 2254 matter).  With that, this Court dismissed the Petition as untimely but, out of an abundance of caution, retained its jurisdiction and allowed Petitioner an opportunity to submit a written statement detailing the events, if any, that could have amounted to a viable basis for equitable tolling under the federal law, provided that those events covered the entire nine and a half year period at issue.  See Docket Entries Nos. 2 and 3.  Petitioner's submission at bar followed.  See Docket Entry no. 4.

Here, Petitioner asserted that, right after his conviction, he became sad and depressed and did not feel motivated enough (a) to commence any form of legal action until a certain paralegal persuaded him to commence his untimely PCR proceedings; or (b) to commence the instant § 2254 action until Petitioner, for the reasons not explained in any of Petitioner's submission, suddenly became less depressed/more motivated and elected to execute the Petition within.  See Docket Entry No. 4.[1]

Petitioner's bald statement about his depression he allegedly experienced for over eleven years cannot qualify as a basis for equitable tolling.  Even a medically documented and

---

[1] Notably, Petitioner's submission at bar did not explain why Petitioner did not assert that he had been experiencing depression in the filings he made during his trial and appellate-level PCR proceedings when he attempted to challenge the dismissal of his PCR as untimely.

3

medically treated mental incompetence cannot amount to a per se reason to toll the statute of limitations. See Nara v. Frank, 264 F.3d 310, 317 (3d Cir. 2001), overruled in part on other grounds by, Carey v. Saffold, 536 U.S. 214 (2002). True, if a person's mental deficiency is such that it actually affects his/her ability to timely file a habeas petition, it may constitute extraordinary circumstances sufficient to toll the statute of limitations. See id. But "the general federal rule is that a statute of limitations is tolled by reason of mental illness [only] 'if the illness in fact prevents the sufferer from managing his affairs and from understanding his legal rights and acting upon them.'" Graham v. Kyler, 2002 U.S. Dist. LEXIS 26639, at *8 (E. D. Pa. Oct. 31, 2002) (quoting Miller v. Runyon, 77 F.3d 189, 191 (7th Cir.1996)). Thus, the focus of the inquiry is limited to "the irremediable inability to access information and make use of it." Id. Consequently, equitable tolling may be available if it is demonstrated that the litigant was so mentally incapacitated that he was unable to pursue his legal rights in a timely fashion. Put another way, the litigant must come forward with facts establishing a "nexus between the petitioner's mental incompetence and [his complete] *inability* to file a timely petition." United States v. Harris, 268 F. Supp. 2d 500, 506 (E.D. Pa. 2003) (emphasis supplied). In contrast, "a mental condition that burdens but does not prevent a prisoner from

4

filing a timely petition does not constitute 'extraordinary circumstances' justifying equitable tolling."  Id. (although petitioner had presented an expert opinion that her mental condition during the relevant time period burdened her efforts to file her habeas petition, there was no evidence that she was mentally incompetent in the sense that she was prevented her from filing a timely petition).

That is why the courts in this Circuit and other circuits have consistently ruled that depression cannot qualify as a basis for equitable tolling.  See Ata v. Scutt, 662 F.3d 736, 742 (6th Cir. 2011) ("[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations"); Martin v. Ayers, 41 F. App'x 972, 973 (9th Cir. 2002) ("depression – even severe depression – is a normal incident of prison life.  It is not an extraordinary circumstance that warrants equitable tolling"); Nowak v. Yukins, 46 F. App'x 257 (6th Cir. 2002) (although the petitioner suffered significant depression, she was not so incompetent as to warrant equitable tolling); Stephens v. Wynder, 2008 U.S. Dist. LEXIS 30748 (M.D. Pa. Mar. 31, 2008) (although the petitioner was frequently hospitalized and treated with mental health drugs, and maintained that "the drugs caused him to forsake all human basic needs other than sleeping his life away while doped up daily . . . during his incarceration," he did not qualify for equitable tolling because his medical records

showed that his depression was not such that he could not understand his rights and file a timely pleading in between his psychiatric treatments); Graham, 2002 U.S. Dist. LEXIS 26639; Boyd v. Gillis, 2004 U.S. Dist. LEXIS 21501 (E.D. Pa. Oct. 25, 2004) ("Depression has been found to be a common fact of prison life and is, without more, insufficient to justify equitable tolling"); Wilson v. Stickman, 2005 U.S. Dist. LEXIS 14692 (E.D. Pa. July 21, 2005) (depression is an insufficient basis for tolling).

Moreover, because – starting from 2010 – Petitioner was able to motivate himself enough to partake in his state PCR actions, equitable tolling based on the alleged depression is facially inapplicable here. See Bilbrey v. Douglas, 124 F. App'x 971, 973 (6th Cir. 2005) (where petitioner claimed "continuing mental health problems" during the entire period in question but admitted that she continued to litigate in state courts, equitable tolling was not appropriate because the state litigations established the lack of a causal connection between her mental condition and her ability to file timely); Walker v. Schriro, 141 F. App'x 528, 530-31 (9th Cir. 2006) (where the petitioner was able to complete various filings in state court close to the dates of his AEDPA filing period, the district court reasonably concluded that petitioner was capable of filing his federal petition on time and was not entitled to equitable

tolling); Rios v. Mazzuca, 78 F. App'x 742, 745 (2d Cir. N.Y. 2003) (petitioner's shown ability to "pursue legal avenues" militated against allowing equitable tolling where he defended himself in a removal proceeding, filed a complaint against his state trial court judge, wrote numerous requests for transcripts, filed a proceeding against the parole board and engaged in other similar legal actions shortly after his federal habeas limitations period expired); Smith v. Saffle, 28 F. App'x 759, 760 (10th Cir. 2001) (petitioner's ability to file other actions in court defeated his claimed entitlement to equitable tolling).

In sum, even if this Court were to presume that Petitioner's alleged depression actually occurred upon or prior to the date when his federal period of limitations was triggered and persisted for nine and a half years until, inexplicably, he elected to execute his Petition, such depression cannot provide Petitioner with a viable basis for equitable tolling in light of: (a) complete lack of *medical record* showing his continuous psychiatric treatment and continuous consumption of mental health medications during the nine-and-a-half year period at issue; and (b) his aggressive multi-year PCR litigation that made no mention of this alleged depression.  Therefore, his Petition will be conclusively dismissed as untimely, and this Court will decline to issue a certificate of appealability because jurists of reason would not find it debatable that this Court was correct in its

procedural ruling.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

    An appropriate Order accompanies this Opinion.


                        <u>s/Renée Marie Bumb</u>
                        **RENÉE MARIE BUMB**
                        **United States District Judge**

Dated: November 21, 2014